UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61337-SINGHAL/VALLE

JACKIE HENDERSON,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Summary Judgment (ECF No. 19) and Defendant's Motion for Summary Judgment (ECF No. 20) (together, "the Motions"). U.S. District Judge Raag Singhal has referred the Motions to the undersigned for a Report and Recommendation. (ECF No. 8).

After due consideration of the record and the parties' briefs, Plaintiff's Reply (ECF No. 21), and being otherwise fully advised on the matter, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be **DENIED**, Defendant's Motion for Summary Judgment be **GRANTED**, and the Administrative Law Judge's Decision ("ALJ's Decision") be **AFFIRMED** for the reasons set forth below.

    **I.**    **PROCEDURAL HISTORY**

In July 2020, Plaintiff applied for disability benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C § 401 *et seq.*, alleging a

disability onset date of May 17, 2017. (R. 335-353).[1] Plaintiff's applications were denied initially and again upon reconsideration. (R. 141, 158) (initial denials); (R. 178, 198) (denials upon reconsideration). Thereafter, Plaintiff requested a hearing, which was held in October 2021, before ALJ Jennifer Pustizzi. (R. 32-56, 280-89). Plaintiff, who was represented by counsel, and a Vocational Expert ("VE") appeared and testified at the hearing. (R. 38-54). On January 6, 2022, the ALJ issued a decision denying Plaintiff's applications and finding that Plaintiff was not disabled within the meaning of the Act. (R. 15-25).

Thereafter, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's Decision the Commissioner's "final decision." (R. 1-6); *see Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff now seeks judicial review of the ALJ's Decision. (ECF No. 1); *see also* 42 U.S.C. § 405(g). Both parties have moved for summary judgment, and the Motions are ripe for adjudication.

## II. STANDARD OF REVIEW

Judicial review of the ALJ's Decision is limited to whether there is substantial evidence in the record as a whole to support the ALJ's finding and whether the ALJ applied the correct legal standards in making her determination. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *Carson v. Comm'r of Soc. Sec.*, 440 F. App'x 863, 864 (11th Cir. 2011) (citations omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Biestek*, 139 S. Ct. at 1154 (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Carson*, 440 F. App'x at 864 (quoting *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *accord Hale v. Bowen*,

---

[1] All references are to the record of the administrative proceeding, which was filed as part of the Defendant's Answer. *See* (ECF Nos. 14, 15).

831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a scintilla, but less than a preponderance").  A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).  Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Within this narrow role, however, courts do not act as automatons. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986), *abrogated on other grounds by Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892 (11th Cir. 2022).  Rather, they "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* (citation omitted).

To qualify for benefits, a claimant must be disabled within the meaning of the Act.  *See* 42 U.S.C. § 423 (standard for DIB) and § 1382 (standard for SSI).  A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine eligibility, the ALJ conducts a five-step sequential evaluation that considers whether: (1) the claimant is presently unemployed; (2) the claimant's impairment is severe; (3) the claimant's impairment meets or equals one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (the "Listings"); (4) the claimant is unable to perform his or her former occupation; and (5) the claimant is unable to perform any other work within the economy. 20 C.F.R. §§ 404.1520(a)(4) (evaluation process for DIB), 416.920(a)(4) (evaluation process for

3

SSI). An affirmative answer to any of the above leads either to the next question or, on Steps 3 and 5, to a finding of disability. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). A negative answer to any question, other than Step 3, leads to a determination of "not disabled." *Id.*

Importantly, the burden of proof rests on the claimant through Step 4. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 n.10 (11th Cir. 2004)*, abrogated on other grounds by Jones v. Soc. Sec. Admin., Comm'r*, No. 22-10507, 2022 WL 3448090 (11th Cir. 2022). At Step 4, the ALJ must consider: (i) the claimant's residual functional capacity ("RFC"); and (ii) the claimant's ability to return to her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The regulations define RFC as that which an individual is still able to do despite the limitations caused by her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ will "assess and make a finding about [the claimant's RFC] on all the relevant medical and other evidence" in the case. 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC assessment is used to determine whether the claimant can return to her past relevant work under Step 4, and if so, "the ALJ will conclude that the claimant is not disabled." *Phillips*, 357 F.3d at 1238 (citations omitted). If a claimant cannot return to her past relevant work, then the ALJ proceeds to Step 5. *Id.*

At Step 5, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Phillips*, 357 F.3d at 1239. The ALJ must determine if there is other work available in significant numbers in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239. If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled. *Id.* Conversely, if the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled. *Id.* The ALJ may determine whether the claimant is able to adjust to other work in the national economy by either: (1) applying the Medical Vocational Guidelines (contained within 20 C.F.R. Part 404,

4

Subpart P, Appendix 2); or (2) using a VE, who can opine on whether someone with the claimant's limitations can obtain employment in the national economy. *Id.* at 1239-40.

### III.   THE ALJ'S DECISION

On January 6, 2022, after reviewing the evidence and conducting the sequential analysis, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the [Act] from May 17, 2017, through the date of this decision," and denied Plaintiff's applications for DIB and SSI. (R. 16, 25).

At Step 1, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 17, 2017, the alleged onset date. (R. 18).

At Step 2, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus, lower extremity fracture, asthma, and chronic obstructive pulmonary disease. *Id.* Relevant to the Motions, the ALJ also found that Plaintiff's mental impairments (depressive disorder and anxiety disorder), considered singly and in combination, did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities, and were therefore non-severe. *Id.*

At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any one of the Listings. (R. 19).

At Step 4, the ALJ determined that Plaintiff has the RFC to perform light work, with certain exertional limitations. (R. 20). In particular, the ALJ found that Plaintiff was limited to: (i) occasional climbing ramps and stairs; (ii) occasional stooping, kneeling, crouching, and crawling; and (iii) never climbing ladders, ropes or scaffolds. *Id.* Plaintiff was also limited to occasional exposure to concentrated dust, odor, fumes, and pulmonary irritants. *Id.*

Based on this RFC, the ALJ concluded that Plaintiff was able to perform her past relevant work as an administrative assistant (a skilled sedentary job with an SVP of 7) and was not disabled. (R. 24, 25).

## IV. DISCUSSION

Plaintiff's sole argument is that the ALJ erred by omitting from the RFC the mild mental limitations she found at Step 2 of the evaluation process. *See generally* (ECF No. 19). For the reasons discussed below, however, the undersigned finds that the ALJ applied the proper legal standards and that the ALJ's Decision is supported by substantial evidence. Accordingly, the ALJ's Decision should be affirmed.

### A. Plaintiff Does Not Challenge the ALJ's Step 2 Finding that Plaintiff's Mental Impairments are Not Severe

At Step 2 of the evaluation process, the ALJ concluded that Plaintiff's medically determinable mental impairments of anxiety and depression were non-severe as they "do not cause more than minimal limitation in claimant's ability to perform basic mental work activities." (R. 18). In reaching this conclusion, the ALJ found that Plaintiff had "mild" or "no" limitations in the four broad functional areas of mental functioning, known as the Paragraph B criteria of the Psychological Review Technique. *Id.* More specifically, the ALJ found that Plaintiff had "mild" limitations in the following three functional areas: (i) understanding, remembering, or applying information; (ii) interacting with others; and (iii) concentrating, persisting, or maintaining pace. In the fourth area, adapting or managing oneself, the ALJ found no limitation, stating as follows:

> On October 14, 2020, the claimant presented for a consultative mental status examination. Sheryl Ferguson, Ph.D., noted that the claimant arrived on time, was unaccompanied, and had a normal appearance and fair hygiene. The claimant made fair eye contact but seemed anxious and distressed. The claimant's problems were mostly described as physical, and she told Dr. Ferguson that she was not actively being treated for her physical problems because she could not afford it. The claimant did disclose crying spells and "meltdowns." She said she could not afford depression medication. During the mental status examination, the claimant was

cooperative. She had a fair flow of ideas and was a fair reciprocal conversationalist. The claimant appeared depressed and anxious, and her affect was congruent to that mood. The claimant's common sense was fair, and her train of thought was relevant and logical. There was no evidence of ideas of reference, hallucination, delusion, perceptual disturbance, or psychotic distortions. The claimant's memory was fair in all time domains. Her fund of information was fair, her calculation skills were fair, and her judgment was fair. The claimant did demonstrate deficits in her ability to perform abstract thinking, but her concentration and task persistence were fair. Dr. Ferguson diagnosed the claimant with unspecified depressive disorder and unspecified anxiety disorder (Exhibit B5F). On November 2, 2020, at the consultative examination, the claimant's mental status was unremarkable, her memory was good, her judgment was preserved, and her thought processes were coherent and logical (Exhibit B6F). In March 2021, the claimant denied symptoms of depression (Exhibit B7F). Dr. Nochimson did describe the claimant's mental impairments as severe, but did not provide details about the basis for this assessment, which is inconsistent with the objective medical evidence. The claimant has not required hospitalization or specialized treatment for psychiatric impairments. She has routinely denied psychiatric symptoms, according to records. Mental status examinations are generally within normal limits. There was a consensus among state agency consultants that the claimant's mental impairments were non[-]severe, and the undersigned finds that the record does not contradict these opinions.

Because the claimant's medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non[-]severe (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

The limitations identified in the "paragraph B" criteria are not a [RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following [RFC] assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

(R. 18-19).

Despite finding mild limitations at Step 2 in three areas of mental functioning, the ALJ included no mental limitations in Plaintiff's RFC. Plaintiff does not challenge the ALJ's Step 2 determination that her mental impairments are not severe. *See* (ECF No. 19 at 3, 4, 7). Rather, Plaintiff argues that "even assuming the correctness of the ALJ's severity finding," the ALJ's RFC assessment is flawed because it "fails to account for all the limitations stemming from [Plaintiff's]

7

non-severe impairments." *Id.* at 4. Thus, Plaintiff asserts that the ALJ's failure to include *any* mental functional limitations in the RFC assessment or hypothetical questions posed to the VE is error because "the regulations unequivocally require[] the ALJ to account for even non-severe impairments in her RFC." *Id.* at 3, 5. In support of her argument, Plaintiff relies on two recent cases from this District: *Smith v. Kijakazi*, No. 22-CV-60842, 2022 WL 18356257 (S.D. Fla. Dec. 30, 2022), and *Lee v. Kijakazi*, No. 21-CV-80677, 2022 WL 4134355 (S.D. Fla. June 28, 2022). For the reasons discussed below, however, these cases are inapposite, and Plaintiff's argument is unpersuasive.

  **B. The ALJ Properly Determined Plaintiff's RFC**

Plaintiff's blanket assertion that "regulations unequivocally require[] the ALJ to account for even non-severe impairments" in formulating Plaintiff's RFC fails for several reasons.

  *1. The Paragraph B Criteria and the RFC Finding are Distinct Determinations*

First, as the Commissioner argues, Plaintiff conflates the ALJ's Paragraph B findings at Step 2 with the ALJ's subsequent assessment of Plaintiff's RFC. *See* (ECF No. 20 at 6). "The limitations in the [P]aragrah B criteria help the ALJ determine the severity of a claimant's mental impairments or whether a claimant meets a listing, while limitations in the RFC help the ALJ determine the level of work that a claimant can perform." *Guerrera v. Kijakazi*, No. 22-CV-00740-AEP, 2023 WL 2446626, at *5 (M.D. Fla. March 10, 2023); *see also Alvarado v. Kijakazi*, No. 22-CV-60416, 2023 WL 2548424, at *13, n.10 (S.D. Fla. March 17, 2023). The two determinations require a different level of analysis. Whereas the Step 2 severity analysis is merely a "threshold inquiry" designed to "weed out" claims where there are no severe impairments at all, *Schinck v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019); *Bullard v. Comm'r, Soc. Sec. Admin.*, 752 F. App'x 753, 755 (11th Cir. 2018), the RFC determination requires "a more detailed inquiry" into Plaintiff's claims. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1325 (11th

Cir. 2021). Here, the ALJ correctly summarized this distinction noting that "[t]he limitations in the [P]aragraph B criteria are not a [RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." (R. 19).

### 2. Smith and Lee Are Inapposite

The cases that Plaintiff relies on to support her argument that the ALJ erred in not including in Plaintiff's RFC the mild mental limitations found at Step 2 are inapposite for several reasons. In *Smith* and *Lee*, the ALJs failed to *mention* the claimant's mental impairments in formulating the claimant's RFC. *See, e.g.*, *Smith*, 2022 WL 18356257, at *5 ("the ALJ did not discuss [p]laintiff's mental impairments after step two."); *Lee*, 2022 WL4134355, at *3 ("the ALJ made legal error in not expressly considering [claimant's] mental impairment in determining her RFC"). Here, however, the ALJ explicitly considered the evidence of Plaintiff's mental impairments in assessing Plaintiff's RFC. For example, the ALJ thoroughly discussed Plaintiff's mental impairments at Step 2, *see* (R. 18-19), and again addressed Plaintiff's mental impairments at Step 4, stating:

> As noted above, both state agency psychological consultants reviewed the available evidence and found that the claimant's medically determinable mental impairments were non[-]severe (Exhibit B16A and B18A). This opinion is supported by a thorough explanation and is consistent with the consultative mental status examination from November 2, 2020 (Exhibit B5F).[2] The opinion is not contradicted by any more recent objective medical evidence and the record contains no documentation of periods of decompensation, hallucinations, delusions, psychosis, mania, suicidality, cognitive decline, concentration deficits, anti-social behavior, or other psychological symptoms that would have more than a mild effect on the claimant's ability to perform basic work activities. The opinions are persuasive.
>
> Although a thorough consultative examination was performed, the consultative examiner, Dr. Adam, did not state an opinion as to the degree of the claimant's limitations (Exhibit B6F). Similarly, the letter written by Dr. Nochimson does not

---

[2] The November 2, 2020 consultative mental examination is Exhibit B6F, not B5F.

9

>opine as to the degree of limitation or residual functional abilities (Exhibit B11F). Finally, the psychological consultant examiner, Dr. Ferguson, did not opine as to the claimant's [RFC] or degree of limitation (Exhibit 5F).
>
>Based on the foregoing, the undersigned finds the claimant has the above [RFC] assessment, which is supported by objective medical evidence, medical opinion evidence and other evidence.
>
> ***
>
>After consideration of all the evidence, including the claimant's testimony, the undersigned concludes that the above [RFC] fully accommodates all of the claimant's physical and *mental impairments, severe and non-severe*, alone and in combination, including all associated symptoms and limitations.
>
> ***
>
>In comparing the claimant's [RFC] with the physical and *mental demands* of [Plaintiff's past relevant work], the undersigned finds that the claimant is able to perform it as actually and generally performed.

(R. 23-24) (emphasis added). The undersigned has also reviewed the medical records to which the ALJ cites and finds that substantial evidence supports the ALJ's Decision. *See* Exhs. B5F, B6F, B11F, B16A, B18A.

Against the ALJ's full consideration of Plaintiff's mental impairments in assessing the RFC, Plaintiff's reliance on *Smith* and *Lee* is misplaced. In *Smith*, for example, the court found that "the absence of *any discussion* regarding [claimant's] mental impairments at step 4" cast doubt on "whether the ALJ actually performed the requisite 'more detailed assessment' at step four," thus requiring remand.[3] 2022 WL 18356257, at *6 (emphasis added). Similarly, in *Lee*, the court remanded the case because the ALJ erred in *"not expressly considering* [claimant's] mental

---

[3] *Smith* relies on *Schinck v. Comm'r of Soc. Sec.*, 935 F.3d 1245 (11th Cir. 2019) to support its conclusion that remand was appropriate. The undersigned, however, finds *Schinck* inapposite in that, unlike the instant case: (i) the Eleventh Circuit found that the ALJ had erred at Step 2 in finding claimant's mental impairments non-severe; and (ii) the ALJ had "no real discussion of how [claimant's] mental condition affected [his] RFC." Given these critical differences, *Schinck* is distinguishable from the instant case.

impairment in determining her RFC or *otherwise implicitly accounting* for them in hypotheticals posed to the VE." 2022 WL 4134355, at *3 (emphasis added). But, as discussed above, here the ALJ directly addressed Plaintiff's mental impairments in formulating Plaintiff's RFC. *See Miley v. Kijakazi,* No. 20-CV-81228, 2022 WL 180282, at *9 (S.D. Fla. Jan. 1, 2022) (upholding RFC that omitted certain mental limitations where, among other thigs, claimant failed to establish that the ALJ failed to consider any of claimant's mental impairments); *McGee v. Comm'r of Soc. Sec.,* No. 20-CV-486-PRL, 2022 WL 2308689, at *5 (M.D. Fla. Feb. 22, 2022) (upholding RFC where the ALJ's decision reflected appropriate consideration of claimant's mental limitations). Plaintiff's argument, however, ignores this critical distinction.

### *3. The RFC Need Not Include Unsupported Mental Limitations*

Next, having considered the objective evidence and medical opinions regarding Plaintiff's mental impairments, the ALJ was not required to include in the RFC any mental limitations that the ALJ found to be unsupported by the evidence. *Schader v. Saul,* No. 19-CV-62805, 2021 WL 1520647, at *13 (S.D. Fla. Feb. 18, 2021) (citing *Iordan v. Comm'r, Soc. Sec. Admin*, 579 F. App'x 775, 778 (11th Cir. 2014) (incorporating into RFC only those medical opinions that were supported by the record)). As the ALJ correctly noted, none of Plaintiff's mental health records reflect any functional limitations resulting from her diagnosis of depression and anxiety.[4] But a diagnosis alone is insufficient to establish any functional limitations. *See, e.g., Bryan v. Saul*, No. 19-CV-

---

[4] Notably, Plaintiff does not challenge the ALJ's treatment of the medical opinions and concedes that the medical opinions do not recite any functional limitations from Plaintiff's diagnosed depression and anxiety. *See, e.g.,* (ECF No. 19 at 5) (Plaintiff's concession that "[b]eyond general statements . . . Dr. Ferguson [the consultative examiner] did not offer specific information in terms of how [claimant's] mental impairments affected her abilities to perform basic mental work functions."); (R. 55) (counsel's concession at the administrative hearing that the current consultative examination diagnosed Plaintiff with depression and anxiety, but "doesn't really give the RFC.").

11

63164, 2021 WL 707594, at *10 (S.D. Fla. Feb. 6, 2021), *report and recommendation adopted*, 2021 WL 705776 (S.D. Fla. Feb. 23, 2021) (holding that claimant's diagnosis of severe hearing loss, without more, did not establish the severity of her impairment or any resulting work-related limitations).

Moreover, courts within this Circuit and District agree "that ALJs are not obligated to include mental limitations in the RFC even when they find 'mild' limitations while completing [Step 2]." *Alvarado*, 2023 WL 2154824, at *13 (collecting cases); *see also Chestang v. Comm'r of Soc. Sec.*, No. 21-CV-482-MRM, 2022 WL 4354849, at *8-9 (M.D. Fla. Sept. 20, 2022) (finding that ALJ expressly considered claimant's mental impairments and did not err in omitting mild mental limitations found at Step 2 from RFC); *see also Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979-80 (11th Cir. 2016) (rejecting claimant's assertion that the ALJ erred in omitting limitations in the RFC caused by depression where ALJ "took into account [claimant's] medically determinable mental impairment in formulating the RFC assessment, and found that [claimant] had only 'mild' limitations based on this impairment"); *Eutsay v. Kijakazi*, No. 21-CV-21164, 2022 WL 1609088, at *9 (S.D. Fla. May 4, 2022) (finding that the ALJ was not required to include "mild" mental limitations in the RFC), *report and recommendation adopted*, 2022 WL 1605318 (S.D. Fla. May 20, 2022); *Bryant v. Comm'r of Soc. Sec.*, No. 20-CV-294-JLB-NPM, 2021 WL 4067464, at *11 (M.D. Fla. July 29, 2021) ("[T]he ALJ found mild limitations in all four functional areas[, but] did not err in failing to include [functional] limitations in the RFC related to [the claimant's] depression, anxiety, bipolar disorder, or insomnia."), *report and recommendation adopted*, 2021 WL 3855941 (M.D. Fla. Aug. 30, 2021); *Medwit v. Comm'r of Soc. Sec.*, No. 20-CV-143-JLB-NPM, 2021 WL 1341390, at *5 (M.D. Fla. Feb. 22, 2021) ("Since the ALJ only assessed 'mild' limitations in the four areas of mental functioning, the ALJ did not err by not

providing a mental RFC."), *report and recommendation adopted*, 2021 WL 1138179 (M.D. Fla. Mar. 25, 2021).

Finally, Plaintiff's related argument that the ALJ erred in "never questioning the VE regarding the impact of even mild mental impairments" on Plaintiff's ability to perform her past relevant work is factually and legally incorrect. (ECF No. 19 at 7). Factually, the ALJ posed a third hypothetical to the VE further limiting the individual to "simple, routine tasks." (R. 53). In response, the VE testified that such an individual would not be able to perform Plaintiff's past relevant work as an administrative assistant. *Id.* Legally, because the ALJ concluded that Plaintiff's mental limitations were "mild," the ALJ did not err "by failing to *enumerate* those limitations *either* in the RFC *or* in her hypothetical to the VE." *Alvarado*, 2023 WL 2548424, at *14 (emphasis in original).

In sum, the ALJ clearly considered Plaintiff's mild mental limitations in formulating the RFC assessment—even though not legally required to do so. Although Plaintiff "may disagree with the ALJ's conclusion about the extent of those limitations[,] that doesn't mean the ALJ 'failed' to consider them, and (again) it's simply not our role to reweigh the evidence." [5] *Id.*; *see also Winschel,* 631 F.3d at 1178 (a court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].") (citation omitted); *Bloodsworth,* 703 F.2d at 1239 (even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence.") (citing 42 U.S.C. § 405(g)). Accordingly, the undersigned finds that substantial evidence supports the ALJ's determination that Plaintiff's mental

---

[5] Indeed, at the conclusion of the hearing, counsel urged the ALJ to restrict Plaintiff to "simple, routine, repetitive tasks." (R. 54). In her Motion, Plaintiff disagrees with the ALJ's ultimate decision to omit such a limitation. The undersigned's job, however, is not to reweigh the evidence or review the facts anew, but to determine whether substantial evidence supports the ALJ's Decision. *Winschel,* 631 F.3d at 1178.

impairments did not cause any work-related functional limitations and that the ALJ applied the correct legal standards.

## V.     RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (ECF No. 19) be **DENIED**, that Defendant's Motion for Summary Judgment (ECF No. 20) be **GRANTED**, and that the ALJ's Decision be **AFFIRMED**.

Within **14 days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2023); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida on January 25, 2024.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record